IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID E. COIT              :        CIVIL ACTION
                           :
       v.                  :
                           :
MICHAEL J. ASTRUE          :        NO. 10-5704

ORDER

AND NOW, this 18th day of December, 2012, upon careful
and independent consideration of plaintiff David E. Coit's brief
and statement of issues in support of request for review (docket
entry # 11), defendant Michael J. Astrue's response thereto
(docket entry # 14), Coit's reply (docket entry # 18), the
Honorable Lynne A. Sitarski's report and recommendation ("R&R")
(docket entry # 20), Coit's objection thereto (docket entry #
21), and Astrue's response thereto (docket entry # 22), and the
Court finding that:

(a)  Coit filed an application for Social Security
Disability Insurance benefits on November 19, 2007, R. at 15;

(b)  The Social Security Administration denied Coit's
application on July 16, 2008, R. at 15, and Coit requested a
hearing before an Administrative Law Judge ("ALJ"), which took
place on February 18, 2009;

(c)  Plaintiff, with counsel, appeared and testified
there;

(d)  At that hearing, the ALJ decided to obtain physical and mental health consultative examinations before proceeding because Coit had failed to attend previously scheduled exams, R. at 70;

(e)  After the exams, the ALJ held a second hearing on November 17, 2009, where Coit again appeared with counsel;

(f)  On December 23, 2009, the ALJ found that Coit was not disabled within the meaning of the SSA, nor had he been since November 19, 2007, and the ALJ concluded that Coit retained the residual functional capacity to perform a significant number of jobs in the economy, R. at 26;

(g)  Coit appealed this decision to the Appeals Council, which affirmed the ALJ's decision and denied Coit's request for review, R. at 1-11;

(h)  Coit then timely commenced this action;

(i)  On May 9, 2012, Magistrate Judge Lynne A. Sitarski issued a report and recommendation ("R & R") in which she found the ALJ's decision to be supported by substantial evidence;

(j)  Specifically, Judge Sitarski found substantial evidence to support the ALJ's rejection of the opinion of Dr. Carl Herman, a consultative examiner, and she found that the hypothetical question the ALJ posed to the vocational expert

properly captured Coit's residual functional capacity, R & R at 6, 15;

(k)   Coit filed objections to these two findings;

(l)   28 U.S.C. § 636(b)(1)(B) provides that when a party files "written objections to [a Magistrate Judge's] proposed findings or recommendations," our Court shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made";

(m)   We are to uphold the Commissioner's final decision if "substantial evidence" supports it, 42 U.S.C. § 405(g); Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 633 (3d Cir. 2010);

(n)   Our Court of Appeals defines substantial evidence as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion", Smith, 631 F.3d at 633 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003));

(o)   In assessing whether substantial evidence supports the ALJ's determination, and thus the Commissioner's final decision, we are to "defer[] to [the ALJ's] evaluation of the evidence, assessment of the credibility of witnesses, and

reconciliation of conflicting expert opinions", <u>Diaz v. Comm'r</u> <u>of Soc. Sec.</u>, 577 F.3d 500, 506 (3d Cir. 2009);

(p)  And in making this assessment, we cannot "'weigh the evidence or substitute [our own] conclusions for those of the fact-finder'", <u>Rutherford v. Barnhart</u>, 299 F.3d 546, 552 (3d Cir. 2005) (quoting <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1182 (3d Cir. 1992) (alteration in original);

(q)  Coit objects first to Judge Sitarski's conclusion that the ALJ's discrediting of Dr. Herman's opinion was supported by substantial evidence;

(r)  Coit contends that "[t]he ALJ committed reversible error by improperly disregarding the opinion of the psychiatric consultative examiner which he ordered prior to the supplemental hearing", Pl. Obj. at 1;

(s)  Coit argues that "[l]ike the ALJ, the Magistrate Judge ignores evidence which supports Dr. Herman's assessed limitations", <u>id.</u>;

(t)  As a preliminary matter, plaintiff's formulation misstates our standard of review -- we are not to overturn the ALJ's finding if we can identify evidence in the record which supports a contrary conclusion; instead, we are to <u>uphold</u> the ALJ's finding <u>unless</u> we find that it is <u>not</u> supported by substantial evidence, <u>see, e.g.</u>, <u>Smith</u>, 631 F.3d at 633;

4

(u)  Here, we find that the ALJ's determination with regard to Dr. Herman was supported by substantial evidence;

(v)  Dr. Herman is a non-treating, examining physician -- that is, a "physician . . . who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]," 20 C.F.R. §§ 404.1502;

(w)  In determining what weight to give a non-treating, examining physician's opinion, the ALJ must consider the factors set forth in 20 C.F.R. § 416.927, including (1) the examining relationship; (2) the nature, extent, and length of treating relationship; (3) the supporting explanations provided for the opinion; (4) the consistency of the opinion with the records as a whole; (5) the medical source's specialization, and (6) any other relevant factors, see 20 C.F.R. §§ 416.927(c)(1)-(6);

(x)  The ALJ properly considered those factors here: he noted that Dr. Herman was an examining psychiatrist who met with Coit on April 3, 2009, R. at 24, thus acknowledging the examining relationship and Dr. Herman's specialization;

(y)  The ALJ also considered the supporting explanations provided for Dr. Herman's opinion and concluded

that they "appear[ed] to be based solely upon the claimant's

subjective reports"[1], R. at 24;

(z) Furthermore, the ALJ considered the consistency

of Dr. Herman's conclusions with Coit's other medical records,

and he found that "[t]he limitations offered by the examining

physician . . . are not supported by the mental health treatment

records available", R. at 24, because those records "indicate

the existence of not more [than] a moderate mental health

problem", id.;

(aa) In finding that Coit's mental health records did

not support Dr. Herman's conclusions, the ALJ considered mental

health records from the Northeast Community Mental Health

Center, where Coit had last attended a therapy session on June

20, 2007, and had last had a psychiatric check on September 29,

2007, R. at 23;

---

[1] It is worth noting that the ALJ did not find Coit to be an
entirely credible source because of "discrepancies between the
claimant's assertions and information contained in the
documentary reports," R. at 24-25. The ALJ noted, for example,
that "claimant has alleged a complete inability to do any
physical activity and said he generally just sits or lies around
all day yet clinical examinations have revealed no muscle
atrophy." R. at 25. Furthermore, "[t]here are multiple medical
reports questioning the claimant's subjective symptoms and
noting significant symptom magnification," and "[t]here is
nothing within the clinical and objective medical evidence of
record to support the extent of limitations alleged by the
claimant." Id.

(bb) Coit was discharged from treatment there on April 1, 2008 after failing to respond to the Center's communications, R. at 23, and his record shows that at the time of discharge he had regularly been assessed with GAF scores of 50 to 55, R. at 23-24, 401-33;

(cc) The ALJ explained that while the GAF scale, a 100-point tool rating overall psychological, social, and occupational functioning, does not directly affect the determination of mental health for Social Security disability purposes, GAF scores of 51 to 60 indicate "not more than a moderate impairment", R. at 24;

(dd) The ALJ next considered claimant's record from Pan American Mental Health Services, where he received treatment between November 2007 and January 2008, R. at 24, 558 – 562, and where he returned for treatment on January 29, 2009, id.;

(ee) Coit's records from Pan American show that he was "properly oriented, cooperative, and friendly with good insight and intact memory", R. at 24;

(ff) The ALJ also noted that Coit had received treatment from the Asociacion Puertorriquenos en Marcha ("APM"), R. at 24, 563-617, and he observed that the evaluating psychiatrist at APM diagnosed Coit with a GAF score of 50-60, R. at 24, 614, and that on the last day of recorded treatment with

7

APM, Coit was reported to be "alert, cooperative, and improved with no medication side effects," R. at 24, 565;

(gg) The ALJ also noted as relevant a statement from a Dr. Irwin Jacobson, consultative physician, that Coit was "very employable", R. at 23, 455[2];

(hh) On this record, we find that the ALJ's decision not to give Dr. Herman's assessment any weight was supported by substantial evidence, as the inconsistency between Dr. Herman's conclusions and the balance of Coit's medical records -- particularly in light of the finding that Dr. Herman based his conclusions largely on Coit's subjective reports -- is evidence that a "reasonable mind might accept as adequate to support [the ALJ's] conclusion", Smith, 631 F.3d at 633 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003));

---

[2] Judge Sitarski noted that the ALJ had mentioned Dr. Jacobson's observation in the ALJ decision, R&R at 13. Plaintiff objects that Judge Sitarski's reliance on Dr. Jacobson's observation is improper because the "ALJ did not rely on Dr. Jacobson's report to reject Dr. Herman's opinion", and instead merely "cited it in his recitation of the evidence", Pl. Obj. at 3, 3 n.2. Though we agree that under SEC v. Chenery Corporation, 318 U.S. 80 (1943), "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," id. at 87, see also Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001), the placement of Dr. Jacobson's opinion in the ALJ's decision, immediately preceding the ALJ's recounting of the discredited consultative examination, suggests that Dr. Jacobson's assessment was part of the record that the ALJ considered in finding Dr. Herman's assessment so inconsistent as to warrant no reliance.

(ii) Coit next objects to Judge Sitarski's finding that the hypothetical question the ALJ posed to the vocational expert was adequate -- he contends that "[t]he ALJ's improper omission of Dr. Herman's opinion from his hypothetical question renders this decision unsupported by substantial evidence", Pl. Obj. at 7;

(jj) The ALJ found that "the claimant's ability to perform all or substantially all of the requirements of [a light] level of work has been impeded by additional limitations," and so "[t]o determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for a hypothetical individual with the claimant's age, education, work experience, and residual functional capacity", R. at 26;

(kk) After determining that a claimant's impairments "cause limitations of function or restrictions which limit [the claimant's] ability to meet certain demands of jobs", the Commissioner bears the burden of proving that "significant jobs [exist] in the national economy that claimant can perform considering [his] age, education, work experience and residual functional capacity", 20 C.F.R. § 416.969a, see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000);

(ll) The Commissioner may meet this burden by eliciting testimony in response to a hypothetical question, but the hypothetical must include all of a claimant's impairments that are supported in the record, Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004); see also Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987);

(mm) Coit objects to the hypothetical question the ALJ posed solely because the question failed to include Dr. Herman's findings, Pl. Obj. at 6-7; and

(nn) Because we found that the ALJ's decision not to give any weight to Dr. Herman's opinion was supported by substantial evidence, Dr. Herman's findings do not constitute "impairments supported by the record," and so the ALJ's omission of these findings from the hypothetical question was proper;

It is hereby ORDERED that:

1.    The Clerk of Court shall TRANSFER this case from the Court's Civil Suspense docket to our Active docket;

2.    Plaintiff's objections (docket entry # 21) are OVERRULED;

3.    Magistrate Judge Sitarski's report and recommendation (docket entry # 20) is APPROVED and ADOPTED; and

4.    The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:


/s/ Stewart Dalzell, J.